## Tatasciore v. Tatasciore.

*Linn H. Schantz*, for libellant; *J. Cullen Ganey*, for respondent.

RENO, P. J., March 18, 1929.—The argument developed as the controlling factor the effect to be given to the circumstance that libellant paid for the support of his wife during a part of the period of the separation. The respondent contends that these payments amounted to consent by libellant to the separation. The libellant contends that, although the payments were not made in pursuance of a court order, they were, nevertheless, involuntarily made because libellant had been arrested for non-support and had agreed to make the payments in the office of the alderman who had issued the warrant. Unfortunately, the testimony upon this point is extremely meager.

There is evidence of the payments and a stipulation between counsel that the payments were made in pursuance of the agreement entered into before the alderman. This is not sufficient. Olson v. Olson, 27 Pa. Superior Ct. 128, is instructive upon this point, and before we can pass upon the question we must be supplied with evidence, *inter alia*, "that would repel any inference of consent on the libellant's part to the continuation of the separation."

Now, March 18, 1929, the case is recommitted to the master for the purpose of taking such further testimony as the parties shall offer, whereupon the master shall report findings of fact upon the question hereinbefore referred to.                From Edwin L. Kohler, Allentown, Pa.